## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO: 8:20-cr-273-CEH-AAS

MALEK B. ALIANE

_____

## ORDER

This matter comes before the Court on Defendant Malek B. Aliane's Motion to Set Aside Federal Tax Lien (Doc. 18), and the Government's response in opposition (Doc. 21).  In the motion, Aliane asks the Court to set aside an erroneous tax lien by the Internal Revenue Service ("IRS") that stems from the conduct underlying his criminal conviction.

Upon review and consideration, and being fully advised in the premises, the Court will deny the motion.

## BACKGROUND

On April 26, 2016, Aliane was sentenced to 36 months' imprisonment, to be followed by three years of supervised release, upon his guilty plea to mail fraud and false claims against the United States. Doc. 1-4.  The Superseding Information accused him of filing fraudulent unemployment insurance applications (Count I) and false tax returns that resulted in false claims that totaled $516,318.87 (Count II). Doc. 1-3. Aliane was directed to pay restitution in the amount of $90,297.26. Doc. 1-4.  Aliane's term of supervised release was transferred from the Southern District of Ohio to this

Court on September 21, 2020. Doc. 4.  He completed his term in March 2022. Doc. 16.

Now before the Court is Aliane's Motion to Set Aside Tax Lien. Doc. 18.  In the motion, Aliane explains that his convictions stem from his filing of six false tax returns that claimed tax refunds through fraudulent federal income tax withholdings. *Id.* at 1.  The IRS paid approximately $90,000.00 because of one fraudulent return, for which he was ordered to pay restitution, but it did not pay any additional money for the other returns. *Id.*  Nonetheless, even after his conviction the IRS did not remove from its system the income that Aliane falsely reported on his 2012, 2013, and 2014 tax returns, causing it to assert that Aliane owes taxes on the fraudulently reported income. *Id.* at 2.  The IRS has issued a lien on the taxes it asserts Aliane owes. *Id.* Aliane therefore asks the Court to set aside the Notice of Tax Lien that the IRS filed against him in the Hillsborough County Circuit Court. *Id.*

The Government's response in opposition directs the Court to prior filings in the Southern District of Ohio. Docs. 21-1, 21-2.  In 2020, Aliane moved that court to issue an order directing the IRS to remove the falsely reported 2012 income from its system. Doc. 21-1.  He explained that he tried to amend his 2012 tax return but was told that "only the Court can order the [IRS] to amend the return" because "the tax year was connected to a criminal conviction." *Id.*  The court denied his motion, finding that Aliane did not meet his burden of establishing that it had jurisdiction to order the IRS, a non-party to a case that had been closed for four years, to revise its official records. Doc. 21-2.

The Government argues that the Southern District of Ohio's order constitutes the law of the case and/or res judicata, preventing this Court from reconsidering the issuance of similar relief in the instant motion. Doc. 21 at 5-6.  The Government also contends that the Court lacks subject matter jurisdiction, because the relief Aliane seeks is an effort to restrain the assessment and collection of taxes, which is barred by the Anti-Injunction Act and the Declaratory Judgment Act. *Id.* at 2-4, citing 28 U.S.C. § 7421(a) and 28 U.S.C. § 2201(a).  In addition, the Government argues that the Court lacks personal jurisdiction over the IRS, because Aliane did not serve it with process and it is a victim of Aliane's fraud rather than a party to the case. *Id.* at 4-5.

## DISCUSSION

As in the Southern District of Ohio, Aliane has not established a basis for jurisdiction in this Court for the relief he seeks.

As a threshold matter, the Anti-Injunction Act does not bar Aliane's motion considering the Eleventh Circuit's recent decision in *United States v. Meyer*, 50 F.4th 23 (11th Cir. 2022).  The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person," subject to certain exceptions. 26 U.S. § 7241(a).  The Act "bars not only suits that directly seek to restrain the assessment or collection of taxes, but also suits that seek to restrain IRS activities which are intended to or may culminate in the assessment or collection of taxes." *Gulden v. United States*, 287 F. App'x 813, 816 (11th Cir. 2008), quoting *Kemlon Products and Development Co. v. United States*, 638 F.2d 1315,

1320 (5th Cir. 1981).[1]  In *Meyer*, a defendant in a closed tax evasion case filed a motion

for a protective order that would have prohibited the IRS from using his admissions

from the tax evasion case to impose millions of dollars in tax penalties. 50 F.4th at 25.

The court rejected the Government's argument that the motion was barred by the Anti-

Injunction Act, even though its success would have the effect of preventing the IRS

from collecting taxes. *Id.* at 27-30.   Rather, the court found that the Anti-Injunction

Act, by its express terms, applies only to "suits"—defined as "judicial proceedings or

actions initiated for the purpose of enforcing a right or ensuring compliance with the

law"—which does not encompass motions filed in an action initiated by the

Government. *Id.*  The court held that the unambiguous term "suit" overrode any policy

considerations and defeated the Government's argument. *Id.*  Here, too, Aliane has

filed a motion in an action that was initiated by the Government.  It is therefore not a

"suit."  Although the hoped-for effect of his motion would conflict with the Anti-

Injunction Act's purpose, the Court is bound by the *Meyer*'s court's holding to find that

the Anti-Injunction Act does not bar it.[2]

---

[1] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] In addition, the Government's argument that the Declaratory Judgment Act prohibits Aliane's motion is unavailing because Aliane does not seek a declaratory judgment.

Nonetheless, Aliane has not established that this motion is an appropriate vehicle to obtain the relief he seeks. The Notice of Tax Lien Aliane seeks to set aside was not filed in this closed criminal action or this Court. The lien results from the underlying conduct for which Aliane was convicted, but not from the case itself. And, significantly, the IRS was not a party to this action. Aliane has not established a procedural or jurisdictional basis for this Court to order the IRS to take the action he seeks. *See* Doc. 21-2.

To the extent that Aliane seeks to challenge the IRS's actions, he must follow any relevant administrative procedures to do so. The Tax Code provides Aliane with the right to an administrative hearing to challenge the Notice of Tax Lien within 30 days of receipt of the lien. *See* 26 U.S.C. § 6320. If he is unsuccessful at the hearing, he may file a petition for review by the Tax Court. *See id.* § 6320(c), citing § 6330(d).

Accordingly, it is **ORDERED**:

1. Defendant Malek B. Aliane's Motion to Set Aside Federal Tax Lien (Doc. 18) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 30, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties